## RICKNER *et al. v.* DIXON.

In an action of replevin commenced before a justice of the peace, where the plaintiff fails to prosecute his suit with effect, or adduce any proof in support of his action, the law presumes title to be in the defendant, and it is only necessary for him to prove the value of the property, in order to recover restitution or payment of its value.

### *Error to Delaware District Court.*

*Opinion by* GREENE, J. This was an action of replevin commenced before a justice of a peace by Daniel Rickner, to recover a horse. On giving the security, required the plaintiff obtained possession of the property, but failed to appear at the trial, and thereupon judgment was rendered against him and his sureties for the value of the horse, and for damages. The sureties then took the case by appeal to the district court.

In the district court the case was submitted to a jury, verdict returned for the defendant and the value of property assessed at two hundred dollars. Judgment was rendered accordingly against the appellants, that the property be returned or the assessed value thereof paid to the defendant.

It appears by the bill of exceptions that on the trial, the plaintiff declined to adduce any proof in support of the

action, and thereupon the defendant proceeded to prove the value of the horse taken from him by virtue of the replevin without giving evidence of title in the horse. It was claimed that such evidence was necessary, but the court ruled that the only question before the jury was the value of the replevied property; and though requested, the court refused to instruct the jury that the defendant was not entitled to a verdict for the value of the property. In these particulars it is contended that the proceedings below are erroneous.

To support the allegations of error the case of *Harman* v. *Goodrich,* 1 G. Greene 13, is referred to; but as that was an action of replevin under a very different statute we do not consider it applicable. In that case that plaintiff was non-suited and a jury impanneled pursuant to the statute "to inquire into the right of property and right of possession of the defendant to the goods and chattles in controversy." *Rev. Stat.* p. 537, § 17. Under this statute it was held that even after a non-suit the plaintiff might prove ownership of the property in himself in order to show that the defendant had no right of property or of possession, under the issue. But the statute under which this suit was commenced has no such provision and contemplates no such issue. It provides that "if a plaintiff in replevin failed to prosecute his suit with effect and without delay, the justice or jury shall assess the value of the property taken and damages for the use of the same," &c. "In such case the judgment shall be against the plaintiff and his sureties, that he return the property taken or pay the value so assessed and also pay double the damages assessed for the detention of property." *Rev. Stat.* p. 338, §§ 8 and 9. It appears that the plaintiff in the present case did fail to prosecute his suit. In such event the law presumes the title to be in the defendant who had possession before the suit. There having been no proof of title in any other person it follows that the defendant was entitled to restitution, or to payment of its value. That value being the only point at issue or undecided, evidence

upon any other point was clearly irrelevant and inadmis. sible. The court below then did not err in ruling that evidence of ownership in the defendant, was not necessary to entitle him to recover; nor in refusing to instruct the jury that the defendant could not recover the value of the property.

*L. Clark,* for plaintiff in error.

